**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4440**

———————————

UNITED STATES OF AMERICA,

                          Plaintiff - Appellee,

    versus

MATTHEW O'DELL,

                          Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-04-364)

———————————

Submitted: December 19, 2005     Decided: January 25, 2006

———————————

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lana M. Manitta, MARTIN & ARIF, Springfield, Virginia, for Appellant. Paul J. McNulty, United States Attorney, James L. Trump, Assistant United States Attorney, Kevin R. Gingras, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Matthew O'Dell was convicted of one count of possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000). O'Dell challenges the admission of the firearm at issue and the sufficiency of the evidence supporting his conviction. We affirm.

O'Dell asserts that the district court erred by admitting the firearm into evidence because the Government failed to offer sufficient authentication. We review evidentiary rulings for an abuse of discretion. United States v. Jones, 356 F.3d 529, 535 (4th Cir.), cert. denied, 541 U.S. 952 (2004). "Federal Rule of Evidence 901 requires that a party introducing evidence establish the authenticity of its evidence by demonstrating that 'the matter in question is what its proponent claims.'" Id. (quoting Fed. R. Evid. 901(a)). Our review of the trial transcript leads us to conclude that the district court did not abuse its discretion. Although there was an interruption in the Government's possession of the firearm, the Government presented sufficient testimonial evidence to authenticate the proffered firearm as the firearm O'Dell unlawfully possessed. See United States v. Ricco, 52 F.3d 58, 61-62 (4th Cir. 1995) ("[T]he 'chain of custody' is not an iron-clad requirement, and the fact of a 'missing link' does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and

has not been altered in any material respect." (internal quotation marks omitted)).

Next, O'Dell challenges the sufficiency of the evidence resulting in his conviction. A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation omitted). To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942) (citation omitted); United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003) (citation omitted). This court reviews both direct and circumstantial evidence, and permits the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). Witness credibility is within the sole province of the jury, and this court will not reassess the credibility of testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (citations omitted). Further, the uncorroborated testimony of a single witness may be sufficient evidence of guilt, even if the witness is an accomplice, a co-defendant, or an informant. See United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997).

Here, there was ample evidence on which the jury could convict O'Dell. Because the parties stipulated to two of the three elements of the underlying offense, the only issue was whether O'Dell actually possessed a firearm. Fairfax County Detective Kenneth Larson testified unequivocally that, on January 9, 2004, O'Dell did possess a .22 caliber pistol, which he personally gave to Detective Larson. Detective Larson's testimony stands unrefuted.

Accordingly, we affirm O'Dell's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED